IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jerri Tegtmeyer, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   17 C 2268 |
| | ) | |
| Galaxy International Purchasing, LLC, a | ) | |
| Nevada limited liability company, and | ) | |
| Global Credit & Collection Corporation, | ) | |
| a Delaware corporation | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Jerri Tegtmeyer, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) many of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

### PARTIES

3. Plaintiff, Jerri Tegtmeyer ("Tegtmeyer"), is a citizen of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a credit card, despite the fact that she had exercised her rights to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program

("LASPD"), located in Chicago, Illinois.

4. Defendant, Galaxy International Purchasing, LLC ("Galaxy"), is a Nevada limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Galaxy operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Galaxy was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant, Global Credit & Collection Corp. ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Chicago, Illinois, Global operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumer in Illinois. In fact, Defendant Global was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendant Galaxy is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7. Defendants are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct business in Illinois.

8. Moreover, Defendants are each licensed as a collection agency in Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit B. In fact, both Defendants act as debt collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9. Ms. Tegtmeyer is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Mid America – Milestone ("Mid America") credit card account. In response to her financial problems, Ms. Tegtmeyer sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her debt problems, including the Mid America debt.

10. Accordingly, on April 12, 2016, one of Ms. Tegtmeyer's legal aid attorneys informed Mid America that Ms. Tegtmeyer was represented by counsel, and directed Mid America to cease contacting her and to cease all further collection activities because Ms. Tegtmeyer was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and the fax confirmation are attached as Exhibit C.

11. Thereafter Defendant Galaxy bought/obtained Ms. Tegtmeyer's alleged Mid America account and had another debt collector, Frontline Asset Strategies, send Ms. Tegtmeyer, in care of her attorneys address, a collection letter, dated November 4, 2016, demanding payment of the Mid America debt. A copy of this collection letter is attached as Exhibit D.

12. On January 13, 2017, Ms. Tegtmeyer's legal aid attorneys confirmed, in writing via email to Galaxy's debt collector, that they represented her, that she refused to pay and that Galaxy should cease communications. A copy of this email is attached

as Exhibit E.

13.     Undeterred, Defendant Galaxy then Defendant Global repeatedly call Ms. Tegtmeyer in an attempt to collect the debt, including, but not limited to telephone calls on March, 6, 7, 8 and 9, 2017, from phone number 888-306-0520.

14.     Defendants' violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that she had the right to refuse to pay this debt and to demand that collection communications cease, Defendants' collection communications made Plaintiff believe that her demand had been futile and that she did not have the rights Congress had granted her under the FDCPA.

15.     Moreover, violations of the FDCPA which would lead a consumer to alter her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Here, Defendants' actions caused Plaintiff to question whether she was still represented by counsel as to this debt, which caused stress and confusion as to whether she was required to pay the debt at issue.

16.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

17.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

18.     Plaintiff adopts and realleges ¶¶ 1-17.

4

19. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

20. Here, the letters from Plaintiff's attorneys told Defendants to cease communications and cease collections (Exhibits C and E). By communicating regarding payment of this debt, Defendants violated § 1692c(c) of the FDCPA.

21. Defendants' violations of § 1692c(c) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

22. Plaintiff adopts and realleges ¶¶ 1-17.

23. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendants knew, or readily could have known, that Plaintiff was represented by counsel in connection with her debt because her attorneys had given notice in writing, to Galaxy's predecessor-in-interest and to its debt collector, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff (Exhibits C and E). By directly calling Plaintiff, despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

23. Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for actual and statutory damages, costs, and reasonable attorneys' fees. <u>See</u>, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jerri Tegtmeyer, prays that this Court:

1. Find that Defendants' debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Tegtmeyer, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jerri Tegtmeyer, demands trial by jury.

                                      Jerri Tegtmeyer,

                                      By: <u>/s/ David J. Philipps</u>
                                      One of Plaintiff's Attorneys

Dated: March 24, 2017

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

6